

**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF SAN FRANCISCO**

# Document Scanning Lead Sheet

Feb-22-2013 3:09 pm

Case Number: CGC-12-526557

Filing Date: Feb-22-2013 3:07

Filed by:  RONNIE OTERO

Juke Box: 001    Image: 03954119

ANSWER

N BROWN, INDIVIDUALLY, AND ON BEHALF OF OTHER VS. CINEMARK USA, INC., A TEXAS CORPORATION et al

001C03954119

**Instructions:**
Please place this sheet on top of the document to be scanned.

1  HUNTON & WILLIAMS LLP
   LAURA M. FRANZE (SBN 250316)
2  550 South Hope Street, Suite 2000
   Los Angeles, California 90071-2627
3  lfranze@hunton.com
   Telephone: 213 • 532 • 2000
4  Facsimile: 213 • 532 • 2020

5  M. BRETT BURNS (SBN 256965)
   575 Market Street, Suite 3700
6  San Francisco, California 94105
   Telephone: 415.975.3700
7  Facsimile: 415.975.3701
   mbrettburns@hunton.com
8  Attorneys for Defendants

9



FILED
SUPERIOR COURT
COUNTY OF SAN FRANCISCO

2013 FEB 22  AM 9: 16

CLERK OF THE COURT
BY:
   DEPUTY CLERK

*Sidebar (vertical text):* Hunton & Williams LLP / 550 South Hope Street, Suite 2000 / Los Angeles, California 90071-2627

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                  FOR THE COUNTY OF SAN FRANCISCO

12

13  SILKEN BROWN and MARIO DE LA ROSA,          CASE NO. CGC-12-526557
    individually, and on behalf of other members of
14  the general public similarly situated, and as       DEFENDANTS' ANSWER TO PLAINTIFFS'
    aggrieved employees pursuant to the Private         FIRST AMENDED COMPLAINT
15  Attorneys General Act ("PAGA"),
                                                        Date Action Filed: January 10, 2013
16          Plaintiffs,

17          vs.

18  CINEMARK USA, INC., a Texas corporation;
    CENTURY THEATRES, INC., a California              **BY FAX**
19  corporation; and DOES 1 through 10, inclusive,

20          Defendants.

21

22          Defendants Cinemark USA, Inc. and Century Theatres, Inc. ("Defendants") answer Plaintiffs

23  Silken Brown's and Mario De La Rosa's ("Plaintiffs") First Amended Complaint ("Complaint") as

24  follows:

25          Pursuant to section 431.30(d) of the California Code of Civil Procedure, Defendants

26  generally deny each and every allegation contained in the Complaint.  Defendants further deny,

27  generally and specially, that Plaintiffs are entitled to the relief requested, or that Plaintiffs or the

28

                                              1

1    putative class members have been damaged in any sum, or at all, by reason of any act or omission on

2    the part of Defendants.

3                    **AFFIRMATIVE DEFENSES AND OTHER MATTERS**

4              Defendants plead the following affirmative defenses and other matters, but do not assume the

5    burden of proof on such defenses and matters except as required by law with respect to the particular

6    defense or matter asserted.

7              **FIRST SEPARATE AFFIRMATIVE DEFENSE AND OTHER MATTER**

8                              (Failure to State Cause of Action)

9              The Complaint, and each purported cause of action contained therein, fails to state a claim

10   upon which relief can be granted.

11            **SECOND SEPARATE AFFIRMATIVE DEFENSE AND OTHER MATTER**

12                                  (Lack of Standing)

13            The Complaint and each purported cause of action contained therein are barred to the extent

14   that Plaintiffs lack standing to assert these matters against Defendants.

15            **THIRD SEPARATE AFFIRMATIVE DEFENSE AND OTHER MATTER**

16                              (Violation of Due Process)

17            The Complaint and each purported cause of action contained therein are barred to the extent

18   they violate Defendants' rights to due process under the United States Constitution, the California

19   Constitution or other applicable law, or otherwise violate any of Defendants' constitutionally

20   protected rights.

21            **FOURTH SEPARATE AFFIRMATIVE DEFENSE AND OTHER MATTER**

22                              (Statute of Limitations)

23            The Complaint and each purported cause of action contained therein are barred to the extent

24   Plaintiffs or any of the members of the putative class they purport to represent seek relief for

25   conduct occurring outside the applicable statutes of limitation, as set forth in California Code of

26   Civil Procedure sections 338(a), 340(a) and 343, California Labor Code section 203 and California

27   Business & Professions Code section 17208, among others.

28

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

2

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

### FIFTH SEPARATE AFFIRMATIVE DEFENSE AND OTHER MATTER

#### (Waiver)

The Complaint and each purported cause of action contained therein are barred because Plaintiffs or members of the putative class they purport to represent, by their actions, have waived any claim they had against Defendants, to the extent they had any such claim (which Defendants deny).

### SIXTH SEPARATE AFFIRMATIVE DEFENSE AND OTHER MATTER

#### (Estoppel)

The Complaint and each purported cause of action contained therein are barred because any conduct that is alleged to be unlawful was taken as a result of conduct by Plaintiffs or members of the putative class they purport to represent, and they are thus estopped to assert any cause of action against Defendants.

### SEVENTH SEPARATE AFFIRMATIVE DEFENSE AND OTHER MATTER

#### (Laches)

The Complaint and each purported cause of action contained therein are barred because Plaintiffs or members of the putative class they purport to represent inexcusably and unreasonably delayed the filing of this action, causing prejudice to Defendants.

### EIGHTH SEPARATE AFFIRMATIVE DEFENSE AND OTHER MATTER

#### (Unclean Hands)

The Complaint and each purported cause of action contained therein are barred to the extent Plaintiffs or members of the putative class they purport to represent have been guilty of improper conduct connected to the matters alleged in the Complaint.

### NINTH SEPARATE AFFIRMATIVE DEFENSE AND OTHER MATTER

#### (Failure to Mitigate)

Plaintiffs' and members' of the putative class they purport to represent recovery is reduced and/or barred to the extent they have failed to mitigate or reasonably attempt to mitigate their damages, if any, as required by law.

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

**TENTH SEPARATE AFFIRMATIVE DEFENSE AND OTHER MATTER**

(Offset)

Any damages claimed by Plaintiffs or the members of the putative class they purport to represent should be reduced to the extent they are subject to an offset, representing, without limitation, amounts improperly obtained or which would constitute unjust enrichment of Plaintiffs or the members of the putative class they purport to represent.

**ELEVENTH SEPARATE AFFIRMATIVE DEFENSE AND OTHER MATTER**

(Paid All Sums)

The Complaint and each and every purported cause of action contained therein are barred in whole or in part to the extent that Defendants have paid all money due to Plaintiffs and each member of the putative class they purport to represent.

**TWELFTH SEPARATE AFFIRMATIVE DEFENSE AND OTHER MATTER**

(Consent)

The Complaint and each purported cause of action contained therein are barred to the extent Plaintiffs or the members of the putative class they purport to represent consented to the alleged conduct of which they complain.

**THIRTEENTH SEPARATE AFFIRMATIVE DEFENSE AND OTHER MATTER**

(No Basis for Injunctive Relief)

Plaintiffs and each member of the putative class they seek to represent cannot obtain injunctive relief because, among other reasons, there is no ongoing wrongful conduct to enjoin, Plaintiffs cannot show the possibility of irreparable harm as a result of any acts or omissions by Defendants, and/or Plaintiffs have an adequate and complete remedy at law.

**FOURTEENTH SEPARATE AFFIRMATIVE DEFENSE AND OTHER MATTER**

(No Unfair or Unlawful Practice)

Plaintiffs' fifth cause of action is barred because Defendants did not commit any unlawful, unfair, or fraudulent business act or practice, or any unfair, deceptive, untrue, or misleading

4

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

1   advertising act and have not engaged in any conduct that comes within the meaning of Business &
2   Professions Code section 17200.

### FIFTEENTH SEPARATE AFFIRMATIVE DEFENSE AND OTHER MATTER

(Penalties Not Recoverable)

5   Plaintiffs' fifth cause of action is barred because penalties are not recoverable for any alleged
6   violation of Business & Professions Code section 17200.

### SIXTEENTH SEPARATE AFFIRMATIVE DEFENSE AND OTHER MATTER

(Misperformance of Duties)

9   The Complaint is barred to the extent Plaintiffs or any member of the putative class they
10  purport to represent misperformed their respective duties and/or failed to perform those duties which
11  Defendants realistically expected them to perform. California Labor Code §§ 2856-57.

### SEVENTEENTH SEPARATE AFFIRMATIVE DEFENSE AND OTHER MATTER

(Defendants Acted in Good Faith)

14  Plaintiffs' first, second, third, and fourth causes of action are barred because any violation of
15  the California Labor Code was an act or omission made in good faith, and Defendants had
16  reasonable grounds for believing that the act or omission was not a violation of the Labor Code.

### EIGHTEENTH SEPARATE AFFIRMATIVE DEFENSE AND OTHER MATTER

(Failure to Comply with Statutory Requirements)

19  Plaintiffs' fourth cause of action is barred to the extent that Plaintiffs did not comply with the
20  statutory requirements contained in California Labor Code Section 2699.3.

### NINETEENTH SEPARATE AFFIRMATIVE DEFENSE AND OTHER MATTER

(Unjust Enrichment)

23  The Complaint and each purported cause of action contained therein are barred because any
24  recovery from Defendants would result in Plaintiffs' unjust enrichment and the unjust enrichment of
25  the putative class they purport to represent.

## TWENTIETH SEPARATE AFFIRMATIVE DEFENSE AND OTHER MATTER

### (*De Minimis* Doctrine)

Some or all of the disputed time for which Plaintiffs and the putative class members they purport to represent seek recovery of wages allegedly owed is not compensable pursuant to the *de minimus* doctrine.

## TWENTY-FIRST SEPARATE AFFIRMATIVE DEFENSE AND OTHER MATTER

### (Payment of Appropriate Compensation)

Defendants did not suffer or permit work by Plaintiffs or the putative class members they purport to represent without appropriate compensation.

## TWENTY-SECOND SEPARATE AFFIRMATIVE DEFENSE AND OTHER MATTER

### (No Knowledge of Uncompensated Time)

To the extent Plaintiffs or the putative class members they purport to represent worked any uncompensated time, Defendants lacked actual or constructive knowledge of such work.

## TWENTY-THIRD SEPARATE AFFIRMATIVE DEFENSE AND OTHER MATTER

### (Not Compensable Work Time)

All or part of the time for which Plaintiffs or the putative class members they purport to represent seek compensation does not constitute compensable working time.

## TWENTY-FOURTH SEPARATE AFFIRMATIVE DEFENSE AND OTHER MATTER

### (Exercise of Reasonable Care)

Some or all of the claims in the Complaint are barred, in whole or in part, because Defendants exercised reasonable care to prevent and promptly correct unlawful behavior that was reported to them, and Plaintiffs and each of the putative class members they purport to represent unreasonably failed to take advantage of preventive or corrective opportunities provided by Defendants or to otherwise avoid alleged harm.

Defendants reserve the right to amend their Answer to allege any additional defenses as may later become available or apparent.  Defendants further reserve the right to withdraw any defenses that they subsequently determine to be inapplicable. Nothing stated in the foregoing defenses

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

1   constitutes a concession that Defendants bear any burden of proof on any issue on which they would

2   not otherwise bear such burden.

3       **WHEREFORE**, Defendants Cinemark USA, Inc., and Century Theatres, Inc. pray for

4   judgment as follows:

5         1.  That Plaintiffs and the members of the putative class they purport to represent take

6   nothing by virtue of this action;

7         2.  That the Complaint be dismissed in its entirety with prejudice, and that judgment be

8   entered for Defendants against Plaintiffs and the putative class;

9         3.  That Defendants be awarded their costs and attorneys' fees; and

10         4.  That Defendants be awarded such other and further relief, both at law and in equity,

11   as the Court deems just and proper.

12

13   DATED: February 22, 2013            HUNTON & WILLIAMS LLP

14

15   By: _Laura M. Franze_

16                Attorneys for Defendants

17                CINEMARK USA, INC. and
CENTURY THEATRES, INC.

18

19

20

21

22

23

24

25

26

27

28

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

7

74158.000022 EMF_US 43985908v3

<div align="center"><strong><u>CERTIFICATE OF SERVICE</u></strong></div>

**STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO**

      I am employed in the County of San Francisco, State of California. I am over the age of 18 years and not a party to this action. My business address is: 575 Market Street, Suite 3700, San Francisco, CA 94105.

      On February 22, 2013, I served the foregoing document(s) described as:

**Defendants' Answer to Plaintiffs' First Amended Complaint**

      on the interested parties in this action:

Miriam Schimmel
Katherine Den Bleyker
Joshua Carlon
Capstone Law APC
1840 Century Park East, Suite 450
Los Angeles, CA 90067
Fax: 310-943.0396

☐   **By FAX:** by causing a true copy thereof to be sent via facsimile to the attorney(s) of record at the telecopier number(s) so indicated above and that the transmission was reported as completed and without error.

☒   **By MAIL:** by placing true and correct copy(ies) thereof in an envelope addressed to the attorney(s) of record, addressed as stated above.

☐   **By OVERNIGHT DELIVERY:** by causing same to be delivered via U.P.S. to the addressee(s).

☐   **By PERSONAL SERVICE:** by causing a true copy thereof to be delivered by hand on the addressee, addressed as stated above

      I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

      Executed on February 22, 2013 at San Francisco, California.

_____
Jolie F. Ocampo

<div style="writing-mode: vertical-lr;">Hunton & Williams LLP<br>550 South Hope Street, Suite 2000<br>Los Angeles, California 90071-2627</div>

<div align="center">1<br>CERTIFICATE OF SERVICE</div>

# EXHIBIT D



**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF SAN FRANCISCO**

# Document Scanning Lead Sheet

Aug-23-2013 10:24 am

Case Number: CGC-12-526557

Filing Date: Aug-23-2013 10:24

Filed by:  KAREN LIU

Juke Box: 001    Image: 04175687

ORDER

N BROWN, INDIVIDUALLY, AND ON BEHALF OF OTHER VS. CINEMARK USA, INC., A TEXAS CORPORATION et al

001C04175687

**Instructions:**

Please place this sheet on top of the document to be scanned.

1  Miriam Schimmel (SBN 185089)
   Miriam.Schimmel@CapstoneLawyers.com
2  Katherine Den Bleyker (SBN 257187)
   Katherine.DenBleyker@CapstoneLawyers.com
3  Jonathan Lee (SBN 267146)
   Jonathan.Lee@CapstoneLawyers.com
4  Capstone Law APC
   1840 Century Park East, Suite 450
5  Los Angeles, California 90067
   Telephone:    (310) 556-4811
6  Facsimile:    (310) 943-0396

7  Attorneys for Plaintiff Silken Brown and Mario Del La Rosa

F I L E D
Superior Court of California
County of San Francisco

AUG 2 3 2013

CLERK OF THE COURT
BY: _____
Deputy Clerk

AUG 1 2 2013

8

9                SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                   FOR THE COUNTY OF SAN FRANCISCO

11

12  SILKEN BROWN and MARIO DE LA          Case No.: CGC-12-526557
    ROSA, individually, and on behalf of other
13  members of the general public similarly    JOINT STIPULATION RE FILING OF
    situated, and as aggrieved employees       SECOND AMENDED COMPLAINT
14  pursuant to the Private Attorneys General
    Act ("PAGA"),                              Dept  302
15
                   Plaintiff,                   Jury Trial Demanded
16
17           vs.

18  CINEMARK USA, INC., a Texas
    corporation; CENTURY THEATRES,
19  INC., a California corporation; and DOES 1
    through 10, inclusive,
20
                   Defendants.
21

22

23

24

25

26

27

28

FILED BY FAX

1    **IT IS HEREBY STIPULATED** by and between Plaintiffs Silken Brown and Mario

2    De La Rosa ("Plaintiffs") and Defendants Cinemark USA, Inc., and Century Theatres, Inc.

3    ("Defendants") (collectively the "Parties"), by and through their counsel of record, as follows:

4        1.    Plaintiffs filed their First Amended Complaint on January 10, 2013, adding

5    Plaintiff De La Rosa as an additional Plaintiff;

6        2.    Plaintiff De La Rosa now wishes to add additional allegations via a Second

7    Amended Complaint that were not included in the First Amended Complaint;

8        3.    Plaintiffs' [Proposed] Second Amended Complaint is attached as Exhibit A

9    reflecting the additional allegations and claims Plaintiff De La Rosa wishes to add.  Attached as

10    Exhibit B is a copy of a redlined comparison of the [Proposed] Second Amended Complaint to

11    the First Amended Complaint;

12        4.    The Parties agree that the interests of judicial economy and efficiency are best

13    served by allowing Plaintiffs to file the proposed Second Amended Complaint without the need

14    for a noticed motion;

15        BASED ON THE FOREGOING, the Parties, through their counsel of record and subject

16    to this Court's approval, hereby STIPULATE AND AGREE as follows:

17        1.    Subject to this Court's approval, Plaintiffs will file the attached Second Amended

18    Complaint;

19        2.    Subject to the Court's approval, the Second Amended Complaint shall be

20    deemed filed upon the date of this Court's order.

21        3.    Defendant's Answer to the Second Amended Complaint shall be due 30 days

22    after the filing of the Second Amended Complaint

23

24

25

26

27    ;

28

JOINT STIPULATION RE FILING OF SECOND AMENDED COMPLAINT

1     Dated: August 9, 2013

2

3

4     By:

5        

6

7

8     Dated: August 9, 2013

9

10

11     By:

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

Capstone Law APC

By:
Miriam Schimmel
Katherine Den Bleyker
Jonathan Lee

Attorneys for Plaintiffs Silken Brown and Mario De La Rosa

Respectfully Submitted,

Hunton & Williams LLP

By: Laura M. Franze    BY PERMISSION
Laura M. Franze
M. Brett Burns
Justin Smith

Attorneys for Defendants Cinemark USA, Inc. and Century Theatres, Inc.

JOINT STIPULATION RE FILING OF SECOND AMENDED COMPLAINT

**ORDER**

Based on the parties' stipulation, and GOOD CAUSE appearing therefore, the Court hereby orders:

1.    Plaintiffs' Second Amended Complaint is ~~deemed filed and served as of the date of this Order.~~ *to be filed forthwith.*

2.    Defendant Answer to the Second Amended Complaint is due 30 days after the date of this Order.

**IT IS SO ORDERED:**

Dated: _August 22. 2013_

_Marla J Miller_

Honorable    MARLA J. MILLER
San Francisco Superior Court Judge

Exhibit A

Miriam Schimmel (SBN 185089)
Miriam.Schimmel@CapstoneLawyers.com
Katherine Den Bleyker (SBN 257187)
Katherine.DenBleyker@CapstoneLawyers.com
Jonathan Lee (SBN 267146)
Jonathan.Lee@capstonelawyers.com
Capstone Law APC
1840 Century Park East, Suite 450
Los Angeles, California 90067
Telephone:   (310) 556-4811
Facsimile:    (310) 943-0396

Attorneys for Plaintiffs Silken Brown and Mario De La Rosa

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN FRANCISCO

| | |
|---|---|
| SILKEN BROWN and MARIO DE LA ROSA, individually, and on behalf of other members of the general public similarly situated, and as aggrieved employees pursuant to the Private Attorneys General Act ("PAGA"),<br><br>Plaintiff,<br><br>vs.<br><br>CINEMARK USA, INC., a Texas corporation; CENTURY THEATRES, INC., a California corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: CGC-12-526557<br><br>**CLASS ACTION & ENFORCEMENT UNDER THE PRIVATE ATTORNEYS GENERAL ACT, CALIFORNIA LABOR CODE §§ 2698 *ET SEQ.***<br><br>**SECOND AMENDED COMPLAINT FOR:**<br><br>(1)  Violation of California Labor Code §§ 1194, 1197, and 1197.1 (Unpaid Minimum Wages);<br>(2)  Violation of Labor Code §§ 201 and 202 (Wages Not Timely Paid Upon Termination);<br>(3)  Violation of California Labor Code §226(a) (Non-Compliant Wage Statements);<br>(4)  Violation of Labor Code §§ 2698, *et seq.* ("PAGA");<br>(5)  Violation of California Business & Professions Code §§ 17200, *et seq.*;<br>(6)  Violation of California Labor Code §§ 226.7 & 512(a) (Unpaid Meal Period Premiums); and<br>(7)  Violation of California Labor Code § 226.7 (Unpaid Rest Period Premiums)<br><br>**Jury Trial Demanded** |

1   Plaintiffs, individually and on behalf of all other members of the public similarly

2   situated, allege as follows:

3                           **JURISDICTION AND VENUE**

4        1.      This class action is brought pursuant to California Code of Civil Procedure

5   section 382.  The monetary damages and restitution sought by Plaintiffs exceed the minimal

6   jurisdiction limits of the Superior Court and will be established according to proof at trial.

7   Plaintiffs allege that the amount in controversy for each class representative, including claims

8   for monetary damages, restitution, penalties, injunctive relief, and a pro rata share of

9   attorneys' fees, is less than seventy-five thousand dollars ($75,000) and that the aggregate

10  amount in controversy for the proposed class action, including monetary damages, restitution,

11  penalties, injunctive relief, and attorneys' fees, is less than five million dollars ($5,000,000),

12  exclusive of interest and costs.  Plaintiffs reserve the right to seek a larger amount based upon

13  new and different information resulting from investigation and discovery.

14       2.      This Court has jurisdiction over this action pursuant to the California

15  Constitution, Article VI, section 10.  The statutes under which this action is brought do not

16  specify any other basis for jurisdiction.

17       3.      This Court has jurisdiction over all Defendants because, upon information and

18  belief, Defendants are either citizens of California, have sufficient minimum contacts in

19  California, or otherwise intentionally avail themselves of the California market so as to render

20  the exercise of jurisdiction over them by the California courts consistent with traditional

21  notions of fair play and substantial justice.

22       4.      Venue is proper in this Court because, upon information and belief, Defendants

23  reside, transact business, or have theaters in this county and the acts and omissions alleged

24  herein took place in this county.

25       5.      California Labor Code sections 2699 *et seq.*, PAGA, authorizes aggrieved

26  employees to sue directly for various civil penalties under the California Labor Code.

27       6.      Plaintiffs timely provided notice on November 30, 2012 to the California Labor

28  and Workforce Development Agency ("LWDA") and to Defendants, pursuant to California

SECOND AMENDED CLASS ACTION COMPLAINT

1    Labor Code section 2699.3.

2                      **THE PARTIES**

3        7.      Plaintiff SILKEN BROWN is a resident of San Francisco, California in San

4    Francisco County.

5        8.      Plaintiff MARIO DE LA ROSA is a resident of Manteca, California in San

6    Joaquin County.

7        9.      Defendant CINEMARK USA, INC., was and is, upon information and belief, a

8    Texas corporation that maintains its principal place of business in Texas but also does

9    business in California, and at all times hereinafter mentioned, an employer whose employees

10    are engaged throughout this county, the State of California, or the various states of the United

11    States of America.

12        10.     Defendant CENTURY THEATRES, INC., was and is, upon information and

13    belief, a California corporation that maintains its principal place of business in Texas but also

14    does business in California, and at all times hereinafter mentioned, an employer whose

15    employees are engaged throughout this county, the State of California, or the various states of

16    the United States of America.  CENTURY THEATRES, INC. is a California resident for

17    purposes of diversity.

18        11.     Plaintiffs are unaware of the true names or capacities of the Defendants sued

19    herein under the fictitious names DOES 1 through 10, but will seek leave of this Court to

20    amend the complaint and serve such fictitiously named Defendants once their names and

21    capacities become known.

22        12.     Plaintiffs are informed and believe, and thereon allege, that DOES 1 through 10

23    are the partners, agents, owners, shareholders, managers or employees of CINEMARK USA,

24    INC. and/or CENTURY THEATRES, INC., at all relevant times.

25        13.     Plaintiffs are informed and believe, and thereon allege, that each and all of the

26    acts and omissions alleged herein was performed by, or is attributable to, CINEMARK USA,

27    INC., CENTURY THEATRES, INC., and/or DOES 1 through 10 (collectively "Defendants"),

28    each acting as the agent for the other, with legal authority to act on the other's behalf.  The

SECOND AMENDED CLASS ACTION COMPLAINT

1  acts of any and all Defendants were in accordance with, and represent, the official policy of

2  Defendants.

3        14.    At all relevant times, Defendants, and each of them, ratified each and every act

4  or omission complained of herein.  At all relevant times, Defendants, and each of them, aided

5  and abetted the acts and omissions of each and all the other Defendants in proximately causing

6  the damages herein alleged.

7        15.    Plaintiffs are informed and believe, and thereon allege, that each of said

8  Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts,

9  omissions, occurrences, and transactions alleged herein.

10  <div align="center">**CLASS ACTION ALLEGATIONS**</div>

11        16.    Plaintiffs bring this action on their own behalf, as well as on behalf of each and

12  all other persons similarly situated, and thus, seek class certification under California Code of

13  Civil Procedure section 382.

14        17.    All claims alleged herein arise under California law for which Plaintiffs seek

15  relief authorized by California law.

16        18.    Plaintiffs' proposed class consists of and is defined as follows:

17              All persons who worked for Defendants as concession worker or
            usher at a theater in California at any time within four years prior
18              to the filing of this complaint until the date of certification
            ("Class").
19

20        19.    Plaintiffs' first proposed subclass consists of and is defined as follows:

21              All persons who worked as concession worker or usher for
            Defendants at a theater in California at any time within one year
22              prior to the filing of this complaint until the date of certification
            ("One Year Class").

23        20.    Plaintiffs reserve the right to redefine the class and subclass above and to

24  establish additional subclasses as appropriate based on discovery and specific theories of

25  liability.

26        21.    Members of the Class and One Year Class will be referred to hereinafter as

27  "class members."

28        22.    There are common questions of law and fact as to class members that

predominate over questions affecting only individual members, including, but not limited to:

    (a)    Whether Defendants required Plaintiffs and class members to work off-the-clock without payment;

    (b)    Whether Defendants failed to pay at least minimum wages for all hours worked by Plaintiffs and class members;

    (c)    Whether Defendants put Plaintiffs and class members to work for less than half of their scheduled shift but did not pay them for at least half of their scheduled shifts or for two hours as required;

    (d)    Whether Defendants complied with wage reporting as required by California Labor Code section 226(a);

    (e)    Whether Defendants failed to timely pay all earned wages to Plaintiffs and class members during their employment;

    (f)    Whether Defendants failed to pay unpaid minimum wages due to Plaintiffs and class members upon their discharge;

    (g)    Whether Defendants engaged in unfair business practices in violation of California Business & Professions Code sections 17200, *et seq.*;

    (h)    Whether Defendants deprived Plaintiffs and class members of meal periods or required Plaintiffs and class members to work during meal periods without compensation;

    (i)    Whether Defendants deprived Plaintiffs and class members of rest periods or required Plaintiffs and class members to work during rest periods without compensation;

    (j)    The appropriate amount of damages, restitution, or monetary penalties resulting from Defendants' violations of California law.

    23.    There is a well-defined community of interest in the litigation and the class members are readily ascertainable:

    (a)    <u>Numerosity</u>: The class members are so numerous that joinder of all members would be unfeasible and impractical. The membership of the

entire class is unknown to Plaintiffs at this time; however, the class is estimated to be greater than one hundred (100) individuals and the identity of such membership is readily ascertainable by inspection of Defendants' employment records.

(b)   Typicality:  Plaintiffs are qualified to, and will, fairly and adequately protect the interests of each class member with whom they have a well-defined community of interest, and Plaintiffs' claims (or defenses, if any) are typical of all class members' as demonstrated herein.

(c)   Adequacy:  Plaintiffs are qualified to, and will, fairly and adequately protect the interests of each class member with whom they have a well-defined community of interest and typicality of claims, as demonstrated herein.  Plaintiffs acknowledge that they have an obligation to make known to the Court any relationships, conflicts or differences with any class member.  Plaintiffs' attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement.  Plaintiffs have incurred, and throughout the duration of this action, will continue to incur costs and attorneys' fees that have been, are and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

(d)   Superiority:  The nature of this action makes the use of class action adjudication superior to other methods.   A class action will achieve economies of time, effort and expense as compared with separate lawsuits, and will avoid inconsistent outcomes because the same issues can be adjudicated in the same manner and at the same time for the entire class.

(e)   Public Policy Considerations:  Employers in the State of California violate employment and labor laws every day.  Current employees are often afraid to assert their rights out of fear of direct or indirect

1             retaliation.  Former employees are fearful of bringing actions because

2             they believe their former employers might damage their future

3             endeavors through negative references and/or other means.  Class

4             actions provide the class members who are not named in the complaint

5             with a type of anonymity that allows for the vindication of their rights

6             while simultaneously protecting their privacy.

7                        **GENERAL ALLEGATIONS**

8        24.     At all relevant times set forth, Defendants employed Plaintiffs and other

9 persons as non-exempt or hourly employees.

10        25.     Defendants employed Plaintiff Silken Brown as a non-exempt, hourly paid

11 concession worker from March 2012 to September 2012 at Defendants' Century 9 theater in

12 San Francisco, California.

13        26.     Defendants employed Plaintiff Mario De La Rosa as a non-exempt, hourly paid

14 usher from approximately 2008 to December 2010 at Defendants' Cinemark Theater in Tracy,

15 California.

16        27.     Defendants continue to employ non-exempt or hourly paid concession workers

17 and ushers in various locations throughout California.

18        28.     Plaintiffs are informed and believe, and thereon allege, that at all times herein

19 mentioned, Defendants were advised by skilled lawyers and other professionals, employees

20 and advisors knowledgeable about California labor and wage law, employment and personnel

21 practices, and about the requirements of California law.

22        29.     Plaintiffs are informed and believe, and thereon allege, that employees were not

23 paid for all hours worked because all hours worked were not recorded.

24        30.     Plaintiffs are informed and believe, and thereon allege, that Defendants knew or

25 should have known that Plaintiffs and class members were entitled to receive at least

26 minimum wages for compensation and that, in violation of the California Labor Code, they

27 were not receiving at least minimum wages for work done off-the-clock.

28        31.     Plaintiffs are informed and believe, and thereon allege, that Defendants knew or

1   should have known that Plaintiffs and class members were entitled to receive complete and

2   accurate wage statements in accordance with California law.  In violation of the California

3   Labor Code, Plaintiffs and class members were not provided complete and accurate wage

4   statements.

5       32.   Plaintiffs are informed and believe, and thereon allege, that Defendants knew or

6   should have known that Plaintiffs and class members were entitled to receive all reporting

7   time pay when Defendants required Plaintiffs and class members to report to work but were

8   put to work for less than half of their regular scheduled shift.  In violation of the California

9   Labor Code, Plaintiffs and class members were not paid all reporting time pay.

10      33.   Plaintiffs are informed and believe, and thereon allege, that Defendants knew or

11   should have known that Plaintiffs and class members were entitled to timely payment of

12   wages during their employment.  In violation of the California Labor Code, Plaintiffs and

13   class members did not receive payment of all wages, including, but not limited to, minimum

14   wages, reporting time pay, meal and rest period premiums within permissible time periods.

15      34.   Plaintiffs are informed and believe, and thereon allege, that Defendants knew or

16   should have known that Plaintiffs and class members were entitled to timely payment of

17   wages upon termination.  In violation of the California Labor Code, Plaintiffs and class

18   members did not receive payment of all wages, including, but not limited to, overtime wages,

19   minimum wages, reporting time pay, and meal and rest period premiums, within permissible

20   time periods.

21      35.   Plaintiff De La Rosa is informed and believevse, and thereon alleges, that

22   Defendants knew or should have known that Plaintiff De La Rosa and class members were

23   entitled to receive all meal periods or payment of one (1) additional hour of pay at Plaintiff De

24   La Rosa's and class members' regular rate of pay when they did not receive a timely

25   uninterrupted meal period, and that they did not receive all meal periods or payment of one (1)

26   additional hour of pay at Plaintiff De La Rosa's and class members' regular rate of pay when

27   they did not receive a timely uninterrupted meal period.

28      36.   Plaintiff De La Rosa is informed and believes, and thereon alleges, that

SECOND AMENDED CLASS ACTION COMPLAINT

1  Defendants knew or should have known that Plaintiff De La Rosa and class members were

2  entitled to receive all rest periods or payment of one (1) additional hour of pay at Plaintiff De

3  La Rosa's and class members' regular rate of pay when a rest period was missed, and that they

4  did not receive all rest periods or payment of one (1) additional hour of pay at Plaintiff De La

5  Rosa's and class members' regular rate of pay when a rest period was missed.

6      37.    At all times herein set forth, PAGA was applicable to Plaintiff Brown's

7  employment by Defendants.

8      38.    At all times herein set forth, PAGA provides that any provision of law under

9  the California Labor Code that provides for a civil penalty to be assessed and collected by the

10  LWDA for violations of the California Labor Code may, as an alternative, be recovered

11  through a civil action brought by an aggrieved employee on behalf of himself and other

12  current or former employees pursuant to procedures outlined in California Labor Code section

13  2699.3.

14      39.    Pursuant to PAGA, a civil action under PAGA may be brought by an

15  "aggrieved employee," who is any person that was employed by the alleged violator and

16  against whom one or more of the alleged violations was committed.

17      40.    Plaintiff Brown was employed by Defendants and the alleged violations were

18  committed against her during their time of employment and she is, therefore, an aggrieved

19  employee.  Plaintiff Brown and other employees are "aggrieved employees" as defined by

20  California Labor Code section 2699(c) in that they are all current or former employees of

21  Defendants, and one or more of the alleged violations were committed against them.

22      41.    Pursuant to California Labor Code sections 2699.3 and 2699.5, aggrieved

23  employees, including Plaintiff Brown, may pursue a civil action arising under PAGA after the

24  following requirements have been met:

25          (a)    The aggrieved employee shall give written notice by certified mail

26                  (hereinafter "Employee's Notice") to the LWDA and the employer of

27                  the specific provisions of the California Labor Code alleged to have

28                  been violated, including the facts and theories to support the alleged

1    violations.

2        (b)    The LWDA shall provide notice (hereinafter "LWDA Notice") to the

3            employer and the aggrieved employee by certified mail that it does not

4            intend to investigate the alleged violation within thirty (30) calendar

5            days of the postmark date of the Employee's Notice.  Upon receipt of

6            the LWDA Notice, or if the LWDA Notice is not provided within thirty-

7            three (33) calendar days of the postmark date of the Employee's Notice,

8            the aggrieved employee may commence a civil action pursuant to

9            California Labor Code section 2699 to recover civil penalties in addition

10           to any other penalties to which the employee may be entitled.

11       42.    On November 30, 2012, Plaintiff Brown provided written notice by certified

12   mail to the LWDA and to Defendants of the specific provisions of the California Labor Code

13   alleged to have been violated, including the facts and theories to support the alleged

14   violations, pursuant to California Labor Code section 2699.3.  Defendants have failed to cure

15   any of the alleged violations.

16       43.    On December 31, 2012, Plaintiff received a letter from the LWDA indicated

17   that the LWDA would not to investigate Plaintiff's Labor Code Claims.  Therefore, the

18   administrative prerequisites under California Labor Code section 2699.3(a) are satisfied and

19   Plaintiff Brown has authorization to recover civil penalties and unpaid wages against

20   Defendants, in addition to other remedies, for violations of California Labor Code sections

21   201, 202, 203, 204, 226(a), 1194, 1197, 1197.1, and 1198.

22   **FIRST CAUSE OF ACTION**

23   **Violation of California Labor Code §§ 1194, 1197, 1197.1—Unpaid Minimum Wages**

24   **(Against All Defendants)**

25       44.    Plaintiffs incorporate by reference and re-allege as if fully stated herein the

26   material allegations set out in paragraphs 1 through 43.

27       45.    At all relevant times, California Labor Code sections 1194, 1197 and 1197.1

28   provide that the minimum wage for employees fixed by the Industrial Welfare Commission is

1    the minimum wage to be paid to employees, and the payment of a lesser wage than the

2    minimum so fixed is unlawful.

3        46.    During the relevant time period, Defendants failed to pay at least minimum

4    wages to Plaintiffs and class members for off-the-clock work as required, pursuant to

5    California Labor Code sections 1194, 1197 and 1197.1. More specifically, Plaintiffs and class

6    members worked off-the-clock after their shifts ended. Defendants failed to adequately staff

7    the locations where Plaintiffs and class members worked, which resulted in there being too

8    few employees to finish all of the work within the given hours. Defendants have a policy and

9    practice of requiring Plaintiffs and class members to finish work after having clocked out for

10   the end of their shifts. For instance, Plaintiff Brown was sometimes required to clock out but

11   continue cleaning up her concession area. In addition, as set forth more fully below,

12   Defendants sent Plaintiffs and class members home before they had completed half of their

13   regular scheduled shift but did not pay them for at least half of their scheduled shift at even

14   minimum wages as required by the applicable Industrial Welfare Commission Order and

15   Labor Code section 1198. Accordingly, Defendants did not pay employees all minimum

16   wages as required in violation of Labor Code sections 1194, 1197 and 1197.1.

17       47.    Defendants' failure to pay Plaintiffs and class members the minimum wage as

18   required violates California Labor Code sections 1194, 1197 and 1197.1. Pursuant to those

19   sections, Plaintiffs and class members are entitled to recover the unpaid balance of their

20   minimum wage compensation as well as interest, costs, and attorney's fees.

21       48.    Pursuant to California Labor Code section 1194.2, Plaintiffs and class members

22   are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid

23   and interest thereon.

24                           **SECOND CAUSE OF ACTION**

25   **Violation of California Labor Code §§ 201 and 202 – Wages Not Timely Paid Upon**

26                                  **Termination**

27                           **( Against All Defendants)**

28       49.    Plaintiffs incorporate by reference and re-allege as if fully stated herein the

material allegations set out in paragraphs 1 through 48.

50.     This cause of action is premised solely on and wholly derivative of the non-payment of minimum wages that were also not paid upon termination of Plaintiffs and class members' employment.

51.     At all times herein set forth, California Labor Code sections 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

52.     During the relevant time period, Defendants wilfully failed to pay class members who are no longer employed by Defendants the earned and unpaid minimum wages set forth above either at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ.

53.     Defendants' failure to pay Plaintiffs and those class members who are no longer employed by Defendants their wages earned and unpaid at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ, is in violation of California Labor Code sections 201 and 202.

54.     California Labor Code section 203 provides that if an employer willfully fails to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee shall continue as a penalty from the due date and at the same rate until paid or until an action is commenced, but the wages shall not continue for more than thirty (30) days.

55.     Plaintiffs and class members are entitled to recover from Defendants the statutory penalty wages for each day they were not paid, at their regular hourly rate of pay, up to a thirty (30) day maximum pursuant to California Labor Code section 203.

SECOND AMENDED CLASS ACTION COMPLAINT

## THIRD CAUSE OF ACTION

### Violation of California Labor Code § 226(a)—Non-Compliant Wage Statements

### (Against All Defendants)

56.     Plaintiffs incorporate by reference and re-allege as if fully stated herein the material allegations set out in paragraphs 1 through 55.

57.     At all material times set forth herein, California Labor Code section 226(a) provides that every employer shall furnish each of his or her employees an accurate itemized wage statement in writing, including the name and address of the legal entity that is the employer, total hours worked and all applicable hourly rates, among other things.

58.     Defendants have intentionally and willfully failed to provide employees with complete and accurate wage statements.  The deficiencies include, among other things, the failure to state all hours worked as a result of failing to record and state the hours Plaintiffs and class members worked off-the-clock.

59.     As a result of Defendants' violation of California Labor Code section 226(a), Plaintiffs and class members have suffered injury and damage to their statutorily protected rights.

60.     Specifically, Plaintiffs and class members have been injured by Defendants' intentional violation of California Labor Code section 226(a), because they were denied both their legal right to receive and their protected interest in receiving, accurate, itemized wage statements under California Labor Code section 226(a).  In addition, because Defendants failed to provide the accurate number of total hours worked on wage statements, Plaintiffs have been prevented by Defendants from determining if all hours worked were paid and the extent of the underpayment.  Plaintiffs have had to file this lawsuit, conduct discovery, reconstruct time records, and perform computations in order to analyze whether in fact Plaintiffs were paid correctly and the extent of the underpayment, thereby causing Plaintiffs to incur expenses and lost time.  Plaintiffs would not have had to engage in these efforts and incur these costs had Defendants provided the accurate number of total hours worked.  This has also delayed Plaintiffs' ability to demand and recover the underpayment of wages from

1    Defendants.

2        61.    Plaintiffs and class members are entitled to recover from Defendants the greater

3    of their actual damages caused by Defendants' failure to comply with California Labor Code

4    section 226(a), or an aggregate penalty not exceeding four thousand dollars ($4,000) per

5    employee.

6    <center>**FOURTH CAUSE OF ACTION**</center>

7    <center>**Violation of California Labor Code §§ 2698, *et seq*.**</center>

8    <center>**(Against All Defendants)**</center>

9        62.    Plaintiff Brown incorporates by reference and re-alleges as if fully stated herein

10   the material allegations set out in paragraphs 1 through 61.

11       63.    California Labor Code §§ 2698, *et seq*. ("PAGA") permits Plaintiff Brown to

12   recover civil penalties for the violation(s) of the Labor Code sections enumerated in Labor

13   Code section 2699.5.

14       64.    PAGA provides as follows, "[n]otwithstanding any other provision of law, a

15   plaintiff may as a matter of right amend an existing complaint to add a cause of action arising

16   under this part at any time within 60 days of the time periods specified in this part."

17       65.    Defendants' conduct, as alleged herein, violates numerous sections of the

18   California Labor Code, including, but not limited to, the following:

19           (a)    Violation of Labor Code sections 1194, 1197, and 1197.1 for

20                   Defendants' failure to compensate Plaintiff Brown and other aggrieved

21                   employees for all hours worked with at least minimum wages as herein

22                   alleged;

23           (b)    Violation of Labor Code section 226(a) for failure to provide compliant

24                   wage statements to Plaintiff Brown and other aggrieved employees, as

25                   herein alleged;

26           (c)    Violation of Labor Code sections 201, 202, and 203 for failure to timely

27                   pay all earned wages to other aggrieved employees upon discharge as

28                   set forth above;

<center>SECOND AMENDED CLASS ACTION COMPLAINT</center>

1    (d) Violation of Labor Code section 204 for failure to pay all earned wages

2      owed to Plaintiff Brown and other aggrieved employees during

3      employment as set forth more fully below; and

4    (e) Violation of Labor Code section 1198 for failure to pay reporting time

5      pay to Plaintiff Brown and other aggrieved employees when they were

6      not put to at least half of their regular scheduled shift.

7  66. California Labor Code section 1198 makes it illegal to employ an employee

8 under conditions of labor that are prohibited by the applicable wage order. California Labor

9 Code section 1198 requires that ". . . the standard conditions of labor fixed by the commission

10 shall be the . . . standard conditions of labor for employees. The employment of any employee

11 . . . under conditions of labor prohibited by the order is unlawful."

12  67. California Labor Code section 204 requires that all wages earned by any person

13 in any employment between the 1st and the 15th days, inclusive, of any calendar month, other

14 than those wages due upon termination of an employee, are due and payable between the 16th

15 and the 26th day of the month during which the labor was performed, and that all wages

16 earned by any person in any employment between the 16th and the last day, inclusive, of any

17 calendar month, other than those wages due upon termination of an employee, are due and

18 payable between the 1st and the 10th day of the following month. California Labor Code

19 section 204 also requires that all wages earned for labor in excess of the normal work period

20 shall be paid no later than the payday for the next regular payroll period. During the relevant

21 time period, Defendants failed to pay Plaintiff Brown and other aggrieved employees all

22 wages due to them, including, but not limited to, minimum wages and reporting time pay

23 within any time period specified by California Labor Code section 204.

24  68. California Code of Regulations, Title 8, section 11070(5)(A) provides that

25 "[e]ach workday an employee is required to report for work and does report, but is not put to

26 work or is furnished less than half said employee's usual or scheduled day's work, the

27 employee shall be paid for half the usual or scheduled day's work, but in no event for less

28 than two (2) hours nor more than four (4) hours, at the employee's regular rate of pay, which

1   shall not be less than the minimum wage." Defendants violated California Labor Code section

2   1198 and California Code of Regulations, Title 8, section 11070(5) because Defendants failed

3   to pay Plaintiff Brown and other aggrieved employees reporting time pay when they reported

4   for work and were immediately dismissed or put to work for less than half their usual or

5   scheduled day's work. For instance, on some occasions, Plaintiff Brown reported to work for

6   her scheduled shift but was sent home approximately one hour to ninety minutes after she

7   began her shift (and before she had completed half her scheduled shift). When this occurred,

8   Defendants did not pay Plaintiff Brown for at least half of her scheduled day's work or for two

9   hours. Plaintiff Brown and aggrieved employees were not properly compensated with

10   reporting time pay in violation of California Labor Code section 1198.

11        69.   Labor Code section 558 (a) provides "[a]ny employer or other person acting on

12   behalf of an employer who violates, or causes to be violated, a section of this chapter or any

13   provision regulating hours and days of work in any order of the Industrial Welfare

14   Commission shall be subject to a civil penalty as follows: (1) For any initial violation, fifty

15   dollars ($50) for each underpaid employee for each pay period for which the employee was

16   underpaid in addition to an amount sufficient to recover underpaid wages. (2) For each

17   subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay

18   period for which the employee was underpaid in addition to an amount sufficient to recover

19   underpaid wages. (3) Wages recovered pursuant to this section shall be paid to the affected

20   employee." Labor code section 558(c) provides "[t]he civil penalties provided for in this

21   section are in addition to any other civil or criminal penalty provided by law."

22        70.   Defendants, at all times relevant to this complaint, were employers or persons

23   acting on behalf of an employer(s) who violated Plaintiff Brown and aggrieved employees'

24   rights by violating various sections of the California Labor Code as set forth above.

25        71.   As set forth above, Defendants have violated numerous provisions of both the

26   Labor Code sections regulating hours and days of work as well as the applicable order of the

27   Industrial Welfare Commission and are subject to civil penalties, in addition to those provided

28   by Labor Code sections 2698(a) and (f), under section 558. Accordingly, Plaintiff Brown

SECOND AMENDED CLASS ACTION COMPLAINT

1   seeks the remedies set forth in Labor Code section 558 for herself, the State of California, and

2   all other aggrieved employees.

3        72.    Pursuant to PAGA, and in particular California Labor Code sections 2699(a),

4   2699.3, 2699.5 and 558, Plaintiff, acting in the public interest as a private attorney general,

5   seeks assessment and collection of unpaid wages and civil penalties for Plaintiff, all other

6   aggrieved employees, and the State of California against Defendants, in addition to other

7   remedies, for violations of California Labor Code sections 201, 202, 203, 204, 226(a), 1194,

8   1197, 1197.1, and 1198.

9   <div align="center">**FIFTH CAUSE OF ACTION**</div>

10  <div align="center">**Violation of California Business & Professions Code §§ 17200, *et seq.***</div>

11  <div align="center">**(Against All Defendants)**</div>

12       73.    Plaintiffs incorporate by reference and re-allege as if fully stated herein the

13  material allegations set out in paragraphs 1 through 72.

14       74.    Defendants' conduct, as alleged herein, has been, and continues to be, unfair,

15  unlawful and harmful to Plaintiffs, class members, and to the general public.  Plaintiffs seek to

16  enforce important rights affecting the public interest within the meaning of Code of Civil

17  Procedure section 1021.5.

18       75.    Defendants' activities, as alleged herein, are violations of California law, and

19  constitute unlawful business acts and practices in violation of California Business &

20  Professions Code sections 17200, *et seq.*

21       76.    A violation of California Business & Professions Code sections 17200, *et seq.*

22  may be predicated on the violation of any state or federal law.  In the instant case, Defendants'

23  policies and practices have violated state law in at least the following respects:

24           (a)    Failing to pay at least minimum wage to Plaintiffs and class members in

25                 violation of California Labor Code sections 1194, 1197 and 1197.1 and

26                 the applicable Industrial Welfare Commission Order;

27           (b)    Failing to provide Plaintiffs and class members with accurate wage

28                 statements in violation of California Labor Code section 226(a) and the

1    applicable Industrial Welfare Commission Order;

2    (c)    Failing to timely pay all earned wages to Plaintiffs and class members in

3    violation of California Labor Code section 204 and the applicable

4    Industrial Welfare Commission Order; and

5    (d)    Failing to pay reporting time pay to Plaintiffs and class members in

6    violation of California Labor Code section 1198 and the applicable

7    Industrial Welfare Commission Order; and

8    (e)    Failing to provide uninterrupted meal and rest periods or to pay

9    premium wages for missed meal and rest periods to Plaintiff De La Rosa

10    and class members in violation of California Labor Code sections 226.7

11    and 512 as set forth herein.

12    77.    Pursuant to California Business & Professions Code sections 17200 *et seq.*,

13    Plaintiffs and class members are entitled to restitution of the wages withheld and retained by

14    Defendants during a period that commences four years prior to the filing of this complaint; a

15    permanent injunction requiring Defendants to pay all outstanding wages due to Plaintiffs and

16    class members; an award of attorneys' fees pursuant to California Code of Civil Procedure

17    section 1021.5 and other applicable laws; and an award of costs.

18    <center>SIXTH CAUSE OF ACTION</center>

19    <center>Violations of California Labor Code, §§ 226.7 and 512(a)</center>

20    <center>(Against All Defendants)</center>

21    78.    Plaintiffs re-allege and incorporate by reference as if fully set forth herein the

22    allegations contained in paragraphs 1 through 77.

23    79.    At all relevant times herein set forth, the applicable California Industrial

24    Welfare Commission (IWC) Wage Order(s) and California Labor Code sections 226.7 and

25    512(a) were applicable to Plaintiffs' and the other class members' employment by Defendants

26    and each of them.

27    80.    At all relevant times herein set forth, California Labor Code section 226.7

28    provides that no employer shall require an employee to work during any meal period

<center>Page 17</center>

<center>SECOND AMENDED CLASS ACTION COMPLAINT</center>

1   mandated by an applicable order of the California Industrial Welfare Commission (IWC).

2         81.    At all relevant times herein set forth, California Labor Code section 512(a)

3   provides that an employer may not require, cause, or permit an employee to work for a period

4   of more than five (5) hours per day without providing the employee with a meal period of not

5   less than thirty (30) minutes, except that if the total work period per day of the employee is

6   not more than six (6) hours, the meal period may be waived by mutual consent of both the

7   employer and the employee.

8         82.    During the relevant time period, Defendants failed to provide Plaintiff De La

9   Rosa and class members all meal periods, and failed to properly compensate Plaintiff De La

10   Rosa and class members for missed meal periods.  Specifically, Defendants did not staff their

11   locations with a sufficient number of employees to permit Plaintiff De La Rosa and class

12   members to be relieved of all duties and take meal breaks.  As a result, Plaintiff and class

13   members missed their breaks, took shortened breaks, or took their meal breaks late (after five

14   hours had elapsed from the start of their work shift).  For example, Plaintiff De La Rosa was

15   interrupted during meal breaks or forced to take short meal breaks due to a lack of break

16   coverage.  Thus, Defendants did not relieve Plaintiff De La Rosa and class members of their

17   assigned work duties and did not provide them with all timely meal breaks.  Defendants then

18   failed to pay Plaintiff De La Rosa and class members the full meal period premium due

19   pursuant to California Labor Code section 226.7.

20         83.    Defendants' conduct violates applicable Industrial Welfare Commission (IWC)

21   Wage Order(s), and California Labor Code sections 226.7 and 512(a).

22         84.    Pursuant to the applicable Industrial Welfare Commission (IWC) Wage

23   Order(s) and California Labor Code section 226.7(b), Plaintiff De La Rosa and class members

24   are entitled to recover from Defendants one additional hour of pay at the employee's regular

25   hourly rate of compensation for each work day that the meal period was not provided.

26

27

28

# SEVENTH CAUSE OF ACTION

## Violation of California Labor Code § 226.7

### (Against All Defendants)

85.    Plaintiff incorporates by reference and re-alleges as if fully stated herein the material allegations set out in paragraphs 1 through 84.

86.    At all relevant times herein set forth, the applicable IWC Wage Order and California Labor Code section 226.7 were applicable to Plaintiffs' and class members' employment by Defendants.

87.    At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the California IWC.

88.    At all relevant times, the applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3½) hours.

89.    During the relevant time period, Plaintiff De La Rosa and class members did not receive a ten (10) minute rest period for every four (4) hours worked due to insufficient staffing by Defendants.  As with meal breaks, Plaintiff De La Rosa and class members were regularly denied rest breaks due to insufficient staffing.  Also, Defendants required Plaintiff De La Rosa and class members to take late rest breaks at the end of their shifts due to lack of break coverage.  Thus, Defendants did not relieve Plaintiff De La Rosa and class members of their assigned work duties and did not provide them with all rest breaks.  Defendants then failed to pay Plaintiff De La Rosa and class members the full rest period premium due pursuant to California Labor Code section 226.7.

90.    Defendants' conduct violates the applicable IWC Wage Orders and California Labor Code section 226.7.  Pursuant to the applicable IWC Wage Order and California Labor

1  Code section 226.7(b), Plaintiff De La Rosa and class members are entitled to recover from

2  Defendants one (1) additional hour of pay at the employee's regular hourly rate of

3  compensation for each work day that the rest period was not provided.

<div align="center">

**REQUEST FOR JURY TRIAL**

</div>

5  Plaintiffs request a trial by jury.

<div align="center">

**PRAYER FOR RELIEF**

</div>

7  Plaintiffs, on behalf of all others similarly situated, pray for relief and judgment

8  against Defendants, jointly and severally, as follows:

9  1.  For damages, restitution penalties, injunctive relief, and attorneys' fees in

10  excess of twenty-five thousand dollars ($25,000) but not to exceed five million dollars

11  ($5,000,000).  Plaintiffs reserve the right to amend their prayer for relief to seek a different

12  amount.

<div align="center">

**Class Certification**

</div>

14  2.  That this case be certified as a class action;

15  3.  That Plaintiffs be appointed as the representatives of the Class and the One

16  Year Subclass;

17  4.  That counsel for Plaintiffs be appointed as class counsel.

<div align="center">

**As to the First Cause of Action**

</div>

19  5.  That the Court declare, adjudge and decree that Defendants violated California

20  Labor Code sections 1194, 1197 and 1197.1 by willfully failing to pay minimum wages to

21  Plaintiffs and class members;

22  6.  For general unpaid wages and such general and special damages as may be

23  appropriate;

24  7.  For pre-judgment interest on any unpaid compensation from the date such

25  amounts were due;

26  8.  For reasonable attorneys' fees and for costs of suit incurred herein pursuant to

27  California Labor Code section 1194(a);

28  9.  For liquidated damages pursuant to California Labor Code section 1194.2; and

<div align="center">

Page 20

</div>

1    10.    For such other and further relief as the Court may deem equitable and

2    appropriate.

### As to the Second Cause of Action

4    11.    That the Court declare, adjudge and decree that Defendants violated California

5    Labor Code sections 201, 202 and 203 by willfully failing to pay minimum wages owed at the

6    time of termination of the employment of Plaintiffs and other terminated class members;

7    12.    For all actual, consequential and incidental losses and damages, according to

8    proof;

9    13.    For waiting time penalties according to proof pursuant to California Labor

10    Code section 203 for all employees who have left Defendants' employ;

11    14.    For pre-judgment interest on any unpaid wages from the date such amounts

12    were due; and

13    15.    For such other and further relief as the Court may deem equitable and

14    appropriate.

### As to the Third Cause of Action

16    16.    That the Court declare, adjudge and decree that Defendants violated the

17    recordkeeping provisions of California Labor Code section 226(a) and applicable IWC Wage

18    Orders as to Plaintiffs and class members, and willfully failed to provide accurate itemized

19    wage statements thereto;

20    17.    For all actual, consequential and incidental losses and damages, according to

21    proof;

22    18.    For injunctive relief pursuant to California Labor Code section 226(h);

23    19.    For statutory penalties pursuant to California Labor Code section 226(e); and

24    20.    For such other and further relief as the Court may deem equitable and

25    appropriate.

### As to the Fourth Cause of Action

27    21.    That the Court declare, adjudge and decree that Defendants violated the

28    following California Labor Code sections as to Plaintiff Brown and the One Year Subclass:

Page 21

SECOND AMENDED CLASS ACTION COMPLAINT

1194, 1197, and 1197.1 (by failing to pay at least minimum wages for all hours worked),
226(a) (by failing to provide accurate wage statements), 201, 202, 203, and 204 (by failing to
timely pay all earned wages during employment and upon termination), and 1198 (by failing
to pay reporting time pay);

22.     For civil penalties and unpaid wages pursuant to California Labor Code
sections 2699(a) and/or 2699(f) and (g) and 558, plus costs and attorneys' fees, for violations
of California Labor Code sections 201, 202, 203, 204, 226(a), 1194, 1197, 1197.1, and 1198;
and

23.     For such other and further relief as the Court may deem equitable and
appropriate.

### As to the Fifth Cause of Action

24.     That the Court declare, adjudge and decree that Defendants violated California
Business and Professions Code sections 17200, *et seq.* by failing to provide Plaintiffs and
class members all minimum wages due to them, failing to provide accurate wage statements,
failing to timely pay all earned wages during employment, failing to pay reporting time pay,
failing to provide all full, uninterrupted, and timely meal and rest periods, failing to pay for all
short, interrupted, and untimely meal periods and missed rest periods;

### As to the Sixth Cause of Action

25.     That the Court declare, adjudge, and decree that Defendants violated California
Labor Code sections 226.7 and 512(a) and applicable Industrial Welfare Commission (IWC)
Wage Order(s) by willfully failing to provide all meal periods to Plaintiffs and class members;

26.     That the Court make an award to the Plaintiff De La Rosa and class members of
one (1) hour of pay at each employee's regular rate of compensation for each workday that a
meal period was not provided;

27.     For all actual, consequential, and incidental losses and damages, according to
proof;

28.     For premiums pursuant to California Labor Code section 226.7(b);

29.     For pre-judgment interest on any unpaid wages from the date such amounts

SECOND AMENDED CLASS ACTION COMPLAINT

1  were due; and

2       30.    For such other and further relief as the Court may deem equitable and

3  appropriate.

4  <div align="center">**As to the Seventh Cause of Action**</div>

5       31.    That the Court declare, adjudge and decree that Defendants violated California

6  Labor Code section 226.7 and applicable IWC Wage Orders by willfully failing to provide all

7  rest periods to Plaintiffs and class members;

8       32.    That the Court make an award to the Plaintiff De La Rosa and class members of

9  one (1) hour of pay at each employee's regular rate of compensation for each workday that a

10  rest period was not provided;

11       33.    For all actual, consequential, and incidental losses and damages, according to

12  proof;

13       34.    For premiums pursuant to California Labor Code section 226.7(b);

14       35.    For pre-judgment interest on any unpaid wages from the date such amounts

15  were due; and

16       36.    For such other and further relief as the Court may deem equitable and

17  appropriate.

18       37.    For restitution of unpaid wages to Plaintiff De La Rosa and all class members

19  and prejudgment interest from the day such amounts were due and payable;

20       38.    For the appointment of a receiver to receive, manage and distribute any and all

21  funds disgorged from Defendants and determined to have been wrongfully acquired by

22  Defendants as a result of violations of California Business & Professions Code sections 17200

23  *et seq.*;

24       39.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to

25  California Code of Civil Procedure section 1021.5; and

26       40.    For such other and further relief as the Court may deem equitable and

27  appropriate.

28

SECOND AMENDED CLASS ACTION COMPLAINT

1

Dated: August12, 2013

Respectfully submitted,

2

Capstone Law APC

3

4

By:

5

Miriam Schimmel
Katherine Den Bleyker
Jonathan Lee
Attorneys for Plaintiffs Silken Brown and Mario
De La Rosa

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SECOND AMENDED CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

 I am employed in the County of Los Angeles.  I declare that I am over the age of eighteen (18) and not a party to this action.  My business address is: Capstone Law APC, 1840 Century Park East, Suite 450, Los Angeles, California 90067.

 On August 26, 2013, I served the within document(s) described below as:

**SECOND AMENDED COMPLAINT**

on the interested parties in this action by placing true copies thereon enclosed in sealed envelopes addressed as follows:

  Laura M. Franze
  M. Brett Burns
  Hunton & Williams LLP
  550 South Hope Street, Suite 2000
  Los Angeles, CA 90071

(X) **MAIL**: I deposited such envelope in the mail at Los Angeles, California.  The envelopes were mailed with postage thereon fully prepaid.
( ) **PERSONAL**: I caused such envelope to be delivered by hand to the individuals at the address listed above.
( ) **OVERNIGHT COURIER**:  I caused the above-referenced document(s) to be delivered via overnight courier service (FedEx) to the individuals at the address listed above.
( ) **FACSIMILE**:  I caused the above-referenced document(s) to be transmitted to the above-named person at the telephone numbers above.
(X) **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

 **EXECUTED** this document on August 26, 2013, at Los Angeles, California.

_____
Sandy S. Acevedo

# EXHIBIT E

1    Miriam Schimmel (SBN 185089)
       Miriam.Schimmel@CapstoneLawyers.com
2    Katherine Den Bleyker (SBN 257187)
       Katherine.DenBleyker@CapstoneLawyers.com
3    Jonathan Lee (SBN 267146)
       Jonathan.Lee@CapstoneLawyers.com
4    Capstone Law APC
       1840 Century Park East, Suite 450
5    Los Angeles, California 90067
       Telephone:   (310) 556-4811
6    Facsimile:   (310) 943-0396

7    Attorneys for Plaintiff Silken Brown and Mario Del La Rosa

8

9             SUPERIOR COURT OF THE STATE OF CALIFORNIA

10               FOR THE COUNTY OF SAN FRANCISCO

11

| | |
|---|---|
| 12  SILKEN BROWN and MARIO DE LA ROSA, individually, and on behalf of other members of the general public similarly situated, and as aggrieved employees pursuant to the Private Attorneys General Act ("PAGA"), | Case No.: CGC-12-526557 |
| | **NOTICE OF ERRATA RE PROPOSED SECOND AMENDED COMPLAINT** |
| Plaintiff, | |
| vs. | **Jury Trial Demanded** |
| CINEMARK USA, INC., a Texas corporation; CENTURY THEATRES, INC., a California corporation; and DOES 1 through 10, inclusive, | |
| Defendants. | |

1   **TO THE HONORABLE COURT, ALL PARTIES AND THEIR RESPECTIVE**

2   **ATTORNEYS OF RECORD:**

3         PLEASE TAKE NOTICE that Plaintiff's Second Amended Complaint, submitted to the

4   Court on August 12, 2013 as Exhibits A and B to the parties' Joint Stipulation Re Filing of

5   Second Amended Complaint and filed separately, was an incorrect version of the document.

6         A corrected version of the Second Amended Complaint is attached hereto as Exhibit A.

7

8   Dated: August 26, 2013               Respectfully submitted,

9                                Capstone Law APC

10

11                             By:

12                             Miriam Schimmel

                               Katherine Den Bleyker

13                             Jonathan Lee

14                             Attorneys for Plaintiffs Silken Brown and Mario
                               De La Rosa

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**T A**

1   Miriam Schimmel (SBN 185089)
    Miriam.Schimmel@CapstoneLawyers.com
2   Katherine Den Bleyker (SBN 257187)
    Katherine.DenBleyker@CapstoneLawyers.com
3   Jonathan Lee (SBN 267146)
    Jonathan.Lee@capstonelawyers.com
4   Capstone Law APC
    1840 Century Park East, Suite 450
5   Los Angeles, California 90067
    Telephone:    (310) 556-4811
6   Facsimile:    (310) 943-0396

7   Attorneys for Plaintiffs Silken Brown and Mario De La Rosa

8

9
                SUPERIOR COURT OF THE STATE OF CALIFORNIA
10
                     FOR THE COUNTY OF SAN FRANCISCO
11

12  | SILKEN BROWN and MARIO DE LA | Case No.:  CGC-12-526557 |
    | ROSA, individually, and on behalf of other | |

13  members of the general public similarly    **CLASS ACTION & ENFORCEMENT**
    situated, and as aggrieved employees        **UNDER THE PRIVATE ATTORNEYS**
14  pursuant to the Private Attorneys General   **GENERAL ACT, CALIFORNIA LABOR**
    Act ("PAGA"),                               **CODE §§ 2698 *ET SEQ.***
15
                 Plaintiff,                      **SECOND AMENDED COMPLAINT FOR:**
16
             vs.                                 (1)  Violation of California Labor Code
17                                                    §§ 1194, 1197, and 1197.1 (Unpaid
    CINEMARK USA, INC., a Texas                       Minimum Wages);
18  corporation; CENTURY THEATRES,              (2)  Violation of Labor Code §§ 201 and 202
    INC., a California corporation; and DOES 1        (Wages Not Timely Paid Upon
19  through 10, inclusive,                            Termination);
                                                 (3)  Violation of California Labor Code
20               Defendants.                          §226(a) (Non-Compliant Wage
                                                      Statements);
21                                               (4)  Violation of Labor Code §§ 2698, *et seq.*
                                                      ("PAGA");
22                                               (5)  Violation of California Business &
                                                      Professions Code §§ 17200, *et seq.*;
23                                               (6)  Violation of California Labor Code
                                                      §§ 226.7 & 512(a) (Unpaid Meal Period
24                                                    Premiums); and
                                                 (7)  Violation of California Labor Code
25                                                    § 226.7 (Unpaid Rest Period Premiums)

26                                               **Jury Trial Demanded**

27

28

1   Plaintiffs, individually and on behalf of all other members of the public similarly

2   situated, allege as follows:

3   **JURISDICTION AND VENUE**

4   1.   This class action is brought pursuant to California Code of Civil Procedure

5   section 382. The monetary damages and restitution sought by Plaintiffs exceed the minimal

6   jurisdiction limits of the Superior Court and will be established according to proof at trial.

7   2.   This Court has jurisdiction over this action pursuant to the California

8   Constitution, Article VI, section 10. The statutes under which this action is brought do not

9   specify any other basis for jurisdiction.

10   3.   This Court has jurisdiction over all Defendants because, upon information and

11   belief, Defendants are either citizens of California, have sufficient minimum contacts in

12   California, or otherwise intentionally avail themselves of the California market so as to render

13   the exercise of jurisdiction over them by the California courts consistent with traditional

14   notions of fair play and substantial justice.

15   4.   Venue is proper in this Court because, upon information and belief, Defendants

16   reside, transact business, or have theaters in this county and the acts and omissions alleged

17   herein took place in this county.

18   5.   California Labor Code sections 2699 *et seq.*, PAGA, authorizes aggrieved

19   employees to sue directly for various civil penalties under the California Labor Code.

20   6.   Plaintiffs timely provided notice on November 30, 2012 to the California Labor

21   and Workforce Development Agency ("LWDA") and to Defendants, pursuant to California

22   Labor Code section 2699.3.

23   **THE PARTIES**

24   7.   Plaintiff SILKEN BROWN is a resident of San Francisco, California in San

25   Francisco County.

26   8.   Plaintiff MARIO DE LA ROSA is a resident of Manteca, California in San

27   Joaquin County.

28   9.   Defendant CINEMARK USA, INC., was and is, upon information and belief, a

Page 1

SECOND AMENDED CLASS ACTION COMPLAINT

1   Texas corporation that maintains its principal place of business in Texas but also does

2   business in California, and at all times hereinafter mentioned, an employer whose employees

3   are engaged throughout this county, the State of California, or the various states of the United

4   States of America.

5         10.   Defendant CENTURY THEATRES, INC., was and is, upon information and

6   belief, a California corporation that maintains its principal place of business in Texas but also

7   does business in California, and at all times hereinafter mentioned, an employer whose

8   employees are engaged throughout this county, the State of California, or the various states of

9   the United States of America.  CENTURY THEATRES, INC. is a California resident for

10   purposes of diversity.

11         11.   Plaintiffs are unaware of the true names or capacities of the Defendants sued

12   herein under the fictitious names DOES 1 through 10, but will seek leave of this Court to

13   amend the complaint and serve such fictitiously named Defendants once their names and

14   capacities become known.

15         12.   Plaintiffs are informed and believe, and thereon allege, that DOES 1 through 10

16   are the partners, agents, owners, shareholders, managers or employees of CINEMARK USA,

17   INC. and/or CENTURY THEATRES, INC., at all relevant times.

18         13.   Plaintiffs are informed and believe, and thereon allege, that each and all of the

19   acts and omissions alleged herein was performed by, or is attributable to, CINEMARK USA,

20   INC., CENTURY THEATRES, INC., and/or DOES 1 through 10 (collectively "Defendants"),

21   each acting as the agent for the other, with legal authority to act on the other's behalf.  The

22   acts of any and all Defendants were in accordance with, and represent, the official policy of

23   Defendants.

24         14.   At all relevant times, Defendants, and each of them, ratified each and every act

25   or omission complained of herein.  At all relevant times, Defendants, and each of them, aided

26   and abetted the acts and omissions of each and all the other Defendants in proximately causing

27   the damages herein alleged.

28         15.   Plaintiffs are informed and believe, and thereon allege, that each of said

SECOND AMENDED CLASS ACTION COMPLAINT

1   Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts,

2   omissions, occurrences, and transactions alleged herein.

3                              **CLASS ACTION ALLEGATIONS**

4          16.    Plaintiffs bring this action on their own behalf, as well as on behalf of each and

5   all other persons similarly situated, and thus, seek class certification under California Code of

6   Civil Procedure section 382.

7          17.    All claims alleged herein arise under California law for which Plaintiffs seek

8   relief authorized by California law.

9          18.    Plaintiffs' proposed class consists of and is defined as follows:

10             All persons who worked for Defendants as concession worker or
               usher at a theater in California at any time within four years prior
11             to the filing of this complaint until the date of certification
               ("Class").
12

13         19.    Plaintiffs' first proposed subclass consists of and is defined as follows:

14             All persons who worked as concession worker or usher for
               Defendants at a theater in California at any time within one year
15             prior to the filing of this complaint until the date of certification
               ("One Year Class").

16         20.    Plaintiffs reserve the right to redefine the class and subclass above and to

17  establish additional subclasses as appropriate based on discovery and specific theories of

18  liability.

19         21.    Members of the Class and One Year Class will be referred to hereinafter as

20  "class members."

21         22.    There are common questions of law and fact as to class members that

22  predominate over questions affecting only individual members, including, but not limited to:

23             (a)    Whether Defendants required Plaintiffs and class members to work off-

24                    the-clock without payment;

25             (b)    Whether Defendants failed to pay at least minimum wages for all hours

26                    worked by Plaintiffs and class members;

27             (c)    Whether Defendants put Plaintiffs and class members to work for less

28                    than half of their scheduled shift but did not pay them for at least half of

1    their scheduled shifts or for two hours as required;

2    (d)    Whether Defendants complied with wage reporting as required by

3    California Labor Code section 226(a);

4    (e)    Whether Defendants failed to timely pay all earned wages to Plaintiffs

5    and class members during their employment;

6    (f)    Whether Defendants failed to pay unpaid minimum wages due to

7    Plaintiffs and class members upon their discharge;

8    (g)    Whether Defendants engaged in unfair business practices in violation of

9    California Business & Professions Code sections 17200, *et seq.*;

10    (h)    Whether Defendants deprived Plaintiffs and class members of meal

11    periods or required Plaintiffs and class members to work during meal

12    periods without compensation;

13    (i)    Whether Defendants deprived Plaintiffs and class members of rest

14    periods or required Plaintiffs and class members to work during rest

15    periods without compensation;

16    (j)    The appropriate amount of damages, restitution, or monetary penalties

17    resulting from Defendants' violations of California law.

18    23.    There is a well-defined community of interest in the litigation and the class

19    members are readily ascertainable:

20    (a)    Numerosity:  The class members are so numerous that joinder of all

21    members would be unfeasible and impractical.  The membership of the

22    entire class is unknown to Plaintiffs at this time; however, the class is

23    estimated to be greater than one hundred (100) individuals and the

24    identity of such membership is readily ascertainable by inspection of

25    Defendants' employment records.

26    (b)    Typicality:  Plaintiffs are qualified to, and will, fairly and adequately

27    protect the interests of each class member with whom they have a well-

28    defined community of interest, and Plaintiffs' claims (or defenses, if

1    any) are typical of all class members' as demonstrated herein.

2    (c)   Adequacy:  Plaintiffs are qualified to, and will, fairly and adequately

3    protect the interests of each class member with whom they have a well-

4    defined community of interest and typicality of claims, as demonstrated

5    herein.  Plaintiffs acknowledge that they have an obligation to make

6    known to the Court any relationships, conflicts or differences with any

7    class member.  Plaintiffs' attorneys, the proposed class counsel, are

8    versed in the rules governing class action discovery, certification, and

9    settlement.  Plaintiffs have incurred, and throughout the duration of this

10    action, will continue to incur costs and attorneys' fees that have been,

11    are and will be necessarily expended for the prosecution of this action

12    for the substantial benefit of each class member.

13    (d)   Superiority:  The nature of this action makes the use of class action

14    adjudication superior to other methods.   A class action will achieve

15    economies of time, effort and expense as compared with separate

16    lawsuits, and will avoid inconsistent outcomes because the same issues

17    can be adjudicated in the same manner and at the same time for the

18    entire class.

19    (e)   Public Policy Considerations:  Employers in the State of California

20    violate employment and labor laws every day.  Current employees are

21    often afraid to assert their rights out of fear of direct or indirect

22    retaliation.  Former employees are fearful of bringing actions because

23    they believe their former employers might damage their future

24    endeavors through negative references and/or other means.  Class

25    actions provide the class members who are not named in the complaint

26    with a type of anonymity that allows for the vindication of their rights

27    while simultaneously protecting their privacy.

28

SECOND AMENDED CLASS ACTION COMPLAINT

## GENERAL ALLEGATIONS

24.    At all relevant times set forth, Defendants employed Plaintiffs and other persons as non-exempt or hourly employees.

25.    Defendants employed Plaintiff Silken Brown as a non-exempt, hourly paid concession worker from March 2012 to September 2012 at Defendants' Century 9 theater in San Francisco, California.

26.    Defendants employed Plaintiff Mario De La Rosa as a non-exempt, hourly paid usher from approximately 2008 to December 2010 at Defendants' Cinemark Theater in Tracy, California.

27.    Defendants continue to employ non-exempt or hourly paid concession workers and ushers in various locations throughout California.

28.    Plaintiffs are informed and believe, and thereon allege, that at all times herein mentioned, Defendants were advised by skilled lawyers and other professionals, employees and advisors knowledgeable about California labor and wage law, employment and personnel practices, and about the requirements of California law.

29.    Plaintiffs are informed and believe, and thereon allege, that employees were not paid for all hours worked because all hours worked were not recorded.

30.    Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that Plaintiffs and class members were entitled to receive at least minimum wages for compensation and that, in violation of the California Labor Code, they were not receiving at least minimum wages for work done off-the-clock.

31.    Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that Plaintiffs and class members were entitled to receive complete and accurate wage statements in accordance with California law.  In violation of the California Labor Code, Plaintiffs and class members were not provided complete and accurate wage statements.

32.    Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that Plaintiffs and class members were entitled to receive all reporting

SECOND AMENDED CLASS ACTION COMPLAINT

1   time pay when Defendants required Plaintiffs and class members to report to work but were

2   put to work for less than half of their regular scheduled shift.  In violation of the California

3   Labor Code, Plaintiffs and class members were not paid all reporting time pay.

4          33.     Plaintiffs are informed and believe, and thereon allege, that Defendants knew or

5   should have known that Plaintiffs and class members were entitled to timely payment of

6   wages during their employment.  In violation of the California Labor Code, Plaintiffs and

7   class members did not receive payment of all wages, including, but not limited to, minimum

8   wages, reporting time pay, meal and rest period premiums within permissible time periods.

9          34.     Plaintiffs are informed and believe, and thereon allege, that Defendants knew or

10  should have known that Plaintiffs and class members were entitled to timely payment of

11  wages upon termination.  In violation of the California Labor Code, Plaintiffs and class

12  members did not receive payment of all wages, including, but not limited to, overtime wages,

13  minimum wages, reporting time pay, and meal and rest period premiums, within permissible

14  time periods.

15         35.     Plaintiff De La Rosa is informed and believse, and thereon alleges, that

16  Defendants knew or should have known that Plaintiff De La Rosa and class members were

17  entitled to receive all meal periods or payment of one (1) additional hour of pay at Plaintiff De

18  La Rosa's and class members' regular rate of pay when they did not receive a timely

19  uninterrupted meal period, and that they did not receive all meal periods or payment of one (1)

20  additional hour of pay at Plaintiff De La Rosa's and class members' regular rate of pay when

21  they did not receive a timely uninterrupted meal period.

22         36.     Plaintiff De La Rosa is informed and believes, and thereon alleges, that

23  Defendants knew or should have known that Plaintiff De La Rosa and class members were

24  entitled to receive all rest periods or payment of one (1) additional hour of pay at Plaintiff De

25  La Rosa's and class members' regular rate of pay when a rest period was missed, and that they

26  did not receive all rest periods or payment of one (1) additional hour of pay at Plaintiff De La

27  Rosa's and class members' regular rate of pay when a rest period was missed.

28         37.     At all times herein set forth, PAGA was applicable to Plaintiff Brown's

1   employment by Defendants.

2       38.   At all times herein set forth, PAGA provides that any provision of law under

3   the California Labor Code that provides for a civil penalty to be assessed and collected by the

4   LWDA for violations of the California Labor Code may, as an alternative, be recovered

5   through a civil action brought by an aggrieved employee on behalf of himself and other

6   current or former employees pursuant to procedures outlined in California Labor Code section

7   2699.3.

8       39.   Pursuant to PAGA, a civil action under PAGA may be brought by an

9   "aggrieved employee," who is any person that was employed by the alleged violator and

10  against whom one or more of the alleged violations was committed.

11      40.   Plaintiff Brown was employed by Defendants and the alleged violations were

12  committed against her during their time of employment and she is, therefore, an aggrieved

13  employee. Plaintiff Brown and other employees are "aggrieved employees" as defined by

14  California Labor Code section 2699(c) in that they are all current or former employees of

15  Defendants, and one or more of the alleged violations were committed against them.

16      41.   Pursuant to California Labor Code sections 2699.3 and 2699.5, aggrieved

17  employees, including Plaintiff Brown, may pursue a civil action arising under PAGA after the

18  following requirements have been met:

19      (a)   The aggrieved employee shall give written notice by certified mail

20            (hereinafter "Employee's Notice") to the LWDA and the employer of

21            the specific provisions of the California Labor Code alleged to have

22            been violated, including the facts and theories to support the alleged

23            violations.

24      (b)   The LWDA shall provide notice (hereinafter "LWDA Notice") to the

25            employer and the aggrieved employee by certified mail that it does not

26            intend to investigate the alleged violation within thirty (30) calendar

27            days of the postmark date of the Employee's Notice. Upon receipt of

28            the LWDA Notice, or if the LWDA Notice is not provided within thirty-

SECOND AMENDED CLASS ACTION COMPLAINT

1  three (33) calendar days of the postmark date of the Employee's Notice,

2  the aggrieved employee may commence a civil action pursuant to

3  California Labor Code section 2699 to recover civil penalties in addition

4  to any other penalties to which the employee may be entitled.

5      42.    On November 30, 2012, Plaintiff Brown provided written notice by certified

6  mail to the LWDA and to Defendants of the specific provisions of the California Labor Code

7  alleged to have been violated, including the facts and theories to support the alleged

8  violations, pursuant to California Labor Code section 2699.3.  Defendants have failed to cure

9  any of the alleged violations.

10      43.    On December 31, 2012, Plaintiff received a letter from the LWDA indicated

11  that the LWDA would not to investigate Plaintiff's Labor Code Claims.  Therefore, the

12  administrative prerequisites under California Labor Code section 2699.3(a) are satisfied and

13  Plaintiff Brown has authorization to recover civil penalties and unpaid wages against

14  Defendants, in addition to other remedies, for violations of California Labor Code sections

15  201, 202, 203, 204, 226(a), 1194, 1197, 1197.1, and 1198.

16  **FIRST CAUSE OF ACTION**

17  **Violation of California Labor Code §§ 1194, 1197, 1197.1—Unpaid Minimum Wages**

18  **(Against All Defendants)**

19      44.    Plaintiffs incorporate by reference and re-allege as if fully stated herein the

20  material allegations set out in paragraphs 1 through 43.

21      45.    At all relevant times, California Labor Code sections 1194, 1197 and 1197.1

22  provide that the minimum wage for employees fixed by the Industrial Welfare Commission is

23  the minimum wage to be paid to employees, and the payment of a lesser wage than the

24  minimum so fixed is unlawful.

25      46.    During the relevant time period, Defendants failed to pay at least minimum

26  wages to Plaintiffs and class members for off-the-clock work as required, pursuant to

27  California Labor Code sections 1194, 1197 and 1197.1.  More specifically, Plaintiffs and class

28  members worked off-the-clock after their shifts ended.  Defendants failed to adequately staff

the locations where Plaintiffs and class members worked, which resulted in there being too few employees to finish all of the work within the given hours.  Defendants have a policy and practice of requiring Plaintiffs and class members to finish work after having clocked out for the end of their shifts.  For instance, Plaintiff Brown was sometimes required to clock out but continue cleaning up her concession area.  In addition, as set forth more fully below, Defendants sent Plaintiffs and class members home before they had completed half of their regular scheduled shift but did not pay them for at least half of their scheduled shift at even minimum wages as required by the applicable Industrial Welfare Commission Order and Labor Code section 1198.  Accordingly, Defendants did not pay employees all minimum wages as required in violation of Labor Code sections 1194, 1197 and 1197.1.

47.     Defendants' failure to pay Plaintiffs and class members the minimum wage as required violates California Labor Code sections 1194, 1197 and 1197.1.  Pursuant to those sections, Plaintiffs and class members are entitled to recover the unpaid balance of their minimum wage compensation as well as interest, costs, and attorney's fees.

48.     Pursuant to California Labor Code section 1194.2, Plaintiffs and class members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

## SECOND CAUSE OF ACTION

**Violation of California Labor Code §§ 201 and 202 – Wages Not Timely Paid Upon Termination**

**( Against All Defendants)**

49.     Plaintiffs incorporate by reference and re-allege as if fully stated herein the material allegations set out in paragraphs 1 through 48.

50.     This cause of action is premised solely on and wholly derivative of the non-payment of minimum wages that were also not paid upon termination of Plaintiffs and class members' employment.

51.     At all times herein set forth, California Labor Code sections 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time

SECOND AMENDED CLASS ACTION COMPLAINT